IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KERRY MILLER,** *Plaintiff*, v. **THE ALLEGHANY COUNTY BOARD OF EDUCATION,** *Defendant*. | **CASE NO.: 5:20-CV-4** |

## COMPLAINT AND JURY REQUEST

NOW COMES the Plaintiff, Kerry Miller ("Miller"), complaining of the Defendant, The Alleghany County Board of Education ("ACBE"), and states the following to be true:

### INTRODUCTION

1    This action concerns ACBE's failure to hire Miller for a full-time janitorial position because of Miller's disability.

2    Each paragraph of this Complaint incorporates all others, and each exhibit is incorporated as though fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3    Miller is an individual residing in Alleghany County, North Carolina, and is neither a minor nor incompetent.

4	ACBE is a county board of education, designated as a body corporate under N.C. Gen. Stat. § 115C-40.

5	This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

> 5.1	28 U.S.C. § 1331, as the action arises out of The Americans with Disabilities Act of 1990, as amended ("ADA"), codified as 42 U.S.C. § 12101 *et seq*; and
>
> 5.2	With regard to Plaintiff's state law claims, should any be asserted, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

6	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

> 6.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
> 6.2	N.C. Gen. Stat. § 1-75.4(1)(c), as Defendant was a domestic body corporate at the time service of process was made upon it; and/or
>
> 6.3	N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Plaintiff's person or property.

7	Venue is proper in this Court pursuant to any/all of the following:

7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina; and/or

7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

8    Prior to initiating this action, Miller filed a timely Intake Questionnaire with the United States Equal Employment Opportunity Commission on July 31, 2017. This was followed by a scheduled interview with the EEOC and the completion of a Charge of Discrimination on October 18, 2017.

9    On August 28, 2019, the EEOC issued its determination, finding that ACBE had violated the ADA when it failed to hire Miller for a full-time janitorial position based on his disability.

10    The EEOC issued a Notice of Right to Sue on October 23, 2019, and Miller received that Notice on October 25, 2019.

## FACTS

11    Miller worked for ACBE in varying capacities from Junior Varsity Boys Basketball Coach for Alleghany County High School ("ACHS") from 2011 through 2012, then as Varsity Women's Basketball Coach for ACHS from 2012 through 2017, and also worked part time in a janitorial capacity from August 2013 through approximately May 2015.

12      Miller suffers from uncontrolled Type I diabetes, and notified the then-principal of ACHS, Paul Crouse, of his condition in August 2011. Upon information and belief, the medical file Defendant maintains for Miller reflects this information.

13      Miller informed Chris Barnes ("Barnes"), who became principal of ACHS in 2012, of his diabetes in 2009 while coaching Barnes's son in a baseball league.

14      Scott Carter ("Carter"), the principal of ACHS from 2015 and for all time periods relevant to this action, was made aware of Miller's diabetes at some point prior to becoming principal and reflected this knowledge with comments to Miller wherein Carter stated that he knew Miller could not drive the bus for sporting events due to Miller's diabetes.

15      On or about February 6, 2017, Miller spoke with Brent Long ("Long"), the Associate Superintendent for ACBE, with whom he discussed a full-time janitorial position at ACHS.

16      When Miller showed interest in the position, Long informed him that he could apply via the ACBE website.

17      Miller applied for the janitorial position on or about February 10, 2017, and was called by Health Vogler ("Vogler"), the Assistant Principal of ACHS, on or about February 12, 2017 to schedule an interview.

18      Miller attended the interview on or about February 15, 2017, where he met with Vogler and Carter.

19      In the interview, Carter informed Miller that he was informally adding the requirement of eligibility to drive a school bus as an assistant driver to the janitorial position.

20    The ability to drive a school bus is not an official requirement of the full-time custodial position to which Miller applied and was not an essential function of the job.

21    Miller reminded Carter of his diabetes, which rendered him ineligible to drive a school bus.

22    On or about February 20, 2017, Miller was informed that he did not receive the custodial position due to his inability to meet the licensure requirements for driving a school bus.

23    Before the EEOC investigation was able to obtain ACBE's records regarding the interview process, including notes and rankings of individuals who were and were not selected, ACBE destroyed those notes earlier than one year following the employment decision, in violation of 29 C.F.R. § 1602.14.

## FIRST CAUSE OF ACTION
### Failure to Hire (Americans with Disabilities Act of 1990)

24    Miller is a qualified individual with a disability.

25    Miller applied for a full-time janitorial position with ACBE.

26    Miller was qualified and able to perform the essential functions of the job with or without reasonable accommodation.

27    ACBE failed to hire Miller for the position because of his disability.

## JURY TRIAL REQUESTED

28    Plaintiff requests a jury trial on all issues in this matter so triable.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1    Find for the Plaintiff and against the Defendant on all claims raised herein;

2       Award Plaintiff with damages in an amount to be proved at trial;

3       Tax the costs of this matter against the Defendant and award Plaintiff with reasonable attorney's fees; and

4       Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 21st day of January, 2020.*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438 Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020 I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system, and upon return of the Summons will serve the following by United States Mail, Certified, Return Receipt:

Amy Bottomley
Chair, Alleghany County Board of Education
85 Peachtree St.
Sparta, NC 28675
*Officer for Alleghany County Board of Education*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com